JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Negash Aberra

**(b)** County of Residence of First Listed Plaintiff     Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Reginald Allen, Esq., 7601 Crittenden St. F-12, Phila., PA 19118, (215) 242-3875

## DEFENDANTS

City of Philadelphia, et. al.

County of Residence of First Listed Defendant     Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

1515 Arch Street, 14th Floor, Phila., PA 19102

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

|  |  |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☒ 3  Federal Question *(U.S. Government Not a Party)* |
| ☐ 2  U.S. Government Defendant | ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                  *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | | ☐ 790 Other Labor Litigation | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 791 Employee Retirement Income Security Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. S 1983

Brief description of cause:
Destruction of Property

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS **A CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $
over $500,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☒ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____    DOCKET NUMBER _____

DATE    9/27/2021

SIGNATURE OF ATTORNEY OF RECORD    *Reginald Allen*

FOR OFFICE USE ONLY

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DESIGNATION FORM
(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)

Address of Plaintiff: _____ 2239 N. PARK AVENUE, PHILA., PA 19132 _____

Address of Defendant: _____ 1515 ARCH STREET, 14TH FL., PHILA., PA 19102 _____

Place of Accident, Incident or Transaction: _____ *Philadelphia, PA* _____

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

| | | | |
|---|---|---|---|
| 1. | Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☑ |
| 2. | Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☑ |
| 3. | Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? | Yes ☐ | No ☑ |
| 4. | Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? | Yes ☐ | No ☑ |

I certify that, to my knowledge, the within case ☐ is / ☐ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 09/27/2021 _____ *Reginald Allen* _____ 77083
_____Attorney-at-Law / Pro Se Plaintiff_____ _____Attorney I.D. # (if applicable)_____

**CIVIL: (Place a √ in one category only)**

**A.** *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☑ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
(Please specify): _____ 42 U.S.C. § 1983- Destuction of Property _____

**B.** *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury (Please specify): _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
(Please specify): _____

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Reginald Allen, Esquire _____, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 09/27/2021 _____ *Reginald Allen* _____ 77083
_____Attorney-at-Law / Pro Se Plaintiff_____ _____Attorney I.D. # (if applicable)_____

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

NEGASH ABERRA                        :   CIVIL ACTION NO.
2239 N. PARK AVENUE                  :
PHILADELPHIA, PA 19132               :
                    Plaintiff,       :   JURY TRIAL DEMANDED
    V.                               :
                                     :
THE CITY OF PHILADELPHIA             :
C/O the City of Philadelphia Law     :
Dept.                                :
1515 Arch Street, 14th Floor         :
Philadelphia, PA 19102               :
        AND                          :
THE CURRENTLY UNKNOWN AND            :
UNNAMED CITY OF PHILADELPHIA         :
EMPLOYEES                            :
C/O the City of Philadelphia Law     :
Dept.                                :
1515 Arch Street, 14th Floor         :
Philadelphia, PA 19102               :
                    Defendants.      :

COMPLAINT

JURISDICTION

1.  This action is brought pursuant to 42 U.S.C. S 1983 and the 14th

    Amendment of the United States Constitution.  Jurisdiction is based on 28

    U.S.C. S 1331 and 1343 (1) (3) (4) and the aforementioned statutory

    provisions.  Plaintiff further invokes the supplemental jurisdiction of this

Court to hear and adjudicate state law claims pursuant to 28 U.S.C. S 1367

(a) to hear and adjudicate state law claims.

## PARTIES

2. Plaintiff Negash Aberra is an adult resident and citizen of Philadelphia, PA

who has an address as indicated in the caption above.

3. Defendant the City of Philadelphia is a municipality of the Commonwealth

of Pennsylvania which owns, operates, manages, directs and controls the

the (its) Department of Licenses and Inspections and the Philadelphia Fire

Department; the currently unknown and unnamed City of Philadelphia

employees are employees of the City of Philadelphia in its Department of

Licenses & Inspections and the Philadelphia Fire Department (and other

employees) and they have addresses as indicated in the caption above. At

all times relevant hereto they were acting in the scope of their respective

duties under color of state law and they are being sued in their respective

individual capacities.

## FACTUAL ALLEGATONS

4. Negash Aberra (from hereinafter, "plaintiff") is in the business of buying

2

properties and repairing and refurbishing them for sale;  plaintiff owned

properties (houses) at 1148 and 1150 Rising Sun Avenue, Philadelphia, PA,

(from hereinafter, "the properties") which he intended to sell for profit or

for other business purposes.

5. As of October 4, 2019, both properties were physically stable, and were in

livable condition, and they posed no threat of danger to neighboring

properties or residents in the area.

6. On October 5, 2019, at around 3:00 a.m., or thereafter, a fire broke out at

the house next to plaintiff's properties, at 1146 Rising Sun Avenue.

7. Based on statements from plaintiff's neighbors, employees of the City of

Philadelphia Fire Department allowed the fire to burn an inordinate and

unreasonable amount of time, prior to attempting to extinguish it; the

result in the purposeful delay in extinguishing the fire, was that it spread to

plaintiff's properties and caused fire damage to both of them.

8. Although plaintiff's properties suffered fire damage, they were both still

structurally sound, and were not in danger to collapse in part or in whole.

9. On/around October 7, 2019, employees of the City of Philadelphia

Department of Licenses and Inspections (and/or their contracted workers)

3

came to the scene of the fire, indicating to plaintiff that they intended to demolish his properties; plaintiff protested this contention, and told the employees that his property was stable and salvageable, and that he intended to repair them immediately.

10. A License and Inspection supervisor named "Paul" told plaintiff that he needed to obtain a temporary restraining order from court to stop demolition, and plaintiff indicated that he would do so.

11. Plaintiff went to City Hall for the purpose of filing for a restraining order; a hearing occurred at which time a Mr. Rybakowski from the Department of Licenses and Inspections informed plaintiff (and the Court) that his houses had already been demolished by the Department of Licenses and Inspections ("Licenses and Inspections"), making any hearing on the issue moot.

12. Approximately three days after plaintiff's houses were demolished, he received a letter from Licenses and Inspections, informing him that he had five days to inform it whether he intended to repair the properties or not and to request a permit to repair them, before they would simply demolish

4

the properties if he did not respond; however the houses had already been demolished.

13.  Plaintiff was unable to obtain a permit because his houses had already been demolished by Licenses and Inspections, which by reasonable information and belief, was done by order of the Commissioner for Licenses and Inspections and/or by another high level personnel in that department, who had the ability to make policy decisions for the department.

14.  Plaintiff filed a prior lawsuit for the violation of 42 U.S.C. S 1983 and the 14th Amendment against the City of Philadelphia, Mr. Rybakowski and others for demolishing another of his properties on December 20, 2017; plaintiff was in the process of repairing that property and had also obtained a temporary Court Order against demolition from the Philadelphia Court of Common Pleas, however at Mr. Rybakowski's and other's direction, his property was demolished one day before the pending hearing on his restraining order.

15.  Historically, plaintiff has experienced hostility from employees from Licenses and Inspections, resulting in undeserved citations on his properties and undeserved notices that they will be demolished, including from Mr.

5

Rybakowski and others; plaintiff has protested this treatment to the

Philadelphia City Council, which he believes has resulted in a desire by

members of Licenses and Inspections to retaliate against him for exercising

his right to address his grievances under the First Amendment.

16.  Upon reasonable Information and belief, plaintiff's properties that were

destroyed on/around October 7, 2019 had market values of around

$250,000.00 and $200,000.00, in good repair; plaintiff intended to repair

his properties so that they were potentially sellable for those amounts.

17. Plaintiff suffered severe economic damage from the destruction of his

houses and he suffered emotional distress therefrom.

18. Defendants demolished plaintiff's properties unnecessarily and without

proper notice, after allowing fire to spread to them unnecessarily and

intentionally and/or recklessly.

19.  Defendants intentionally and/or recklessly refused to allow plaintiff to

repair his properties, although neither of them was structurally unsafe and

neither of them was in danger of imminent collapse; neither property was

unfixable which the defendants knew.

6

20. Defendants had a legal obligation to properly inform plaintiff that they were going to demolish his property prior to doing so, which they did not do.

21. Upon information and belief, defendants contracted with a private company to demolish the properties through a bidding process.

22. Upon information and belief, the currently unknown contractor who demolished the properties failed to properly ascertain whether plaintiff had received notice of the demolition in accordance with law; plaintiff will seek leave of the Court to amend this complaint upon ascertaining the identity of the contractor(s) who demolished the properties.

23. On/around October/November 2016, Mr. Rybakowski attempted to have plaintiff's properties at 2162 N. 8th Street, Philadelphia, PA and 2304 N. 21st Street, Philadelphia, PA, demolished on a false assertion that they were unsafe, which he knew was false; Rybakowski gave plaintiff unwarranted citations, for which plaintiff had to spend considerable monies to make repairs for items that did not make the properties unsafe.

24. After plaintiff made the repairs for the properties that Mr. Rybakowski cited, Rybakowski became angry and cited plaintiff for more violations,

7

which were also unwarranted; plaintiff complained about

Rybakowski to plaintiff's City Councilman, and thereafter Rybakowski sent

another inspector to plaintiff, who issued plaintiff a violation; upon

information and belief, Rybakowski had violated License and Inspection

(and/or City of Philadelphia) protocol and procedures by personally issuing

citations to plaintiff, and thereafter he instructed another inspector to issue

them.

25.  Defendant Rybakowski appeared to have some personal animosity against

plaintiff, which was undeserved; Rybakowki's acts were done to harass

plaintiff and cause him economic harm, which resulted.


### COUNT ONE – VIOLATION OF THE 14TH AMENDMENT AND SECTION 1983 AS TO ALL DEFENDANTS FOR PROCEDURAL AND SUBSTANTIVE DUE PROCESS VIOLATIONS

26. Plaintiff incorporates paragraphs 1-25 above as though fully set forth

herein.

27.  The 14th Amendment requires that a state actor (here, the City of

Philadelphia and its employees) provide a property owner with notice

reasonably calculated to apprise an interested party of its intention to

8

demolish property, rather informing him that he had the right to due

process through the Court, before it demolished his property, which it did

not allow for.

28.  Defendants did not give plaintiff any notice (or proper) of its intent to

demolish the property on October 7, 2019.

29. As such defendants denied plaintiff due process by not allowing him the

opportunity to a hearing as to whether his property should be demolished,

denying plaintiff the opportunity to protest the demolition.

30.  The 14th Amendment required that defendants give plaintiff notice of their

intent to demolish his property prior to doing so, which they did not do.

31.  Upon information and belief, the defendants, including the currently

unknown and unnamed defendant employees of defendant the City of

Philadelphia refused and/or failed to provide plaintiff pre-notice of the

demolition and authorized it.

32.  The Commissioner of Licenses and Inspections and other of its high level

managers have policy making authority within that department, which are

the policies of the City of Philadelphia; such policy maker(s) determined

that plaintiff's properties would be demolished without proper notice to

9

plaintiff, and even though the properties were not imminently dangerous and unsafe, and they were salvageable.

33. Defendants intentionally and/or recklessly demolished the plaintiff's properties.

34. Defendant's demolition of the properties constituted seizures of plaintiff's properties without compensation in violation of the substantive due process guaranteed by the 4th Amendment, and extended to state action by the 14th Amendment.

35.  Upon reasonable information and belief, the decision by personnel from the City of Philadelphia Fire Department to allow the fire to burn until it reached plaintiff's properties, was done intentionally and/or recklessly, which resulted in unnecessary and avoidable damage to plaintiff's properties, and such decision was made by an individual and or individuals with policy making authority within the Philadelphia Fire Department, which is the policy of the City of Philadelphia.

36. The decision to allow the fire to burn for such period of time referred to above, resulted in the destruction of plaintiff's property, without

10

compensation in violation of the 14th Amendment substantive due process clause that requires compensation for such destruction including that without proper notice.

37. Defendants' collective acts were done to harass plaintiff and cause him extreme economic harm and emotional distress, which resulted; their collective acts were intentional, and malicious.

WHEREFORE, plaintiff requests judgment in his favor as to all defendants, jointly and severally and he requests the following relief:

    a. Compensatory damages;

    b. Punitive damages;

    c. Reasonable Attorney's Fees and Costs;

    d. Any Other Relief the Court deems appropriate.

COUNT TWO AS DEFENDANTS THE CURRENTLY UNKNOWN AND UNNAMED CITY OF PHILADELPHIA EMPLOYEES FOR NEGLIGENCE

38. Plaintiff incorporates paragraphs 1-37 above as though fully set forth herein.

39. The defendant currently unknown and unnamed City of Philadelphia employees owed plaintiff duties to provide him notice of imminent

11

demolition, notice of any corrective actions he needed to take prior to

demolition and a fair opportunity to take such corrective measures, prior to

demolishing and/or authorizing the demolition of his property.

40. The defendant currently unknown and unnamed City of Philadelphia

employees owed plaintiff a duty to stop the fire next in the property next to

plaintiff's properties in such a manner so that it would not spread to

plaintiff's properties, if such was possible, which it was; the defendants

rather intentionally and/or recklessly allowed the fire to spread for a period

of time resulting in fire damage to plaintiff's property, which was

foreseeable and preventable; their collective actions and/or inactions

resulted in property damages to plaintiff's properties, which was used as a

(false) basis to demolish them, resulting in severe economic harm and

emotional distress to plaintiff.

41. Defendants failed to fulfill any of their respective duties to preserve

property, breaching those duties.

42. Defendants' actions and/or inactions were done with reckless disregard as

to the harm that they knew plaintiff would suffer as a result thereof.

WHEREFORE, plaintiff respectfully requests judgment in his favor against the

12

defendants jointly and severally and he requests the following relief.

a. Compensatory damages;

b. Punitive damages.

Respectfully submitted,

Reginald Allen, Esquire

13